[623 NYS2d 30]

In the Matter of DAVID W. PELLAND, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 3, 1995

**APPEARANCES OF COUNSEL**

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Emil M. Rossi,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on July 9, 1975 and, until his suspension, maintained an office for the practice of law in Syracuse. On May 19, 1994, respondent entered a plea of guilty in the United States District Court for

the Northern District of New York to the crime of fraudulently concealing assets from bankruptcy trustees in violation of 18 USC § 152. Inasmuch as the corresponding New York crime, fraud in insolvency (Penal Law § 185.00), is a class A misdemeanor, and because fraud is an element of that crime, this Court, on June 14, 1994, issued an order pursuant to Judiciary Law § 90 (4) (f) suspending respondent pending further order of the Court and directing him to show cause, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be entered. On August 19, 1994, respondent was sentenced to a term of probation of one year, was fined $1,000 and was directed to make restitution of $1,000. Respondent appeared and submitted matters in mitigation and this Court, on August 1, 1994, referred the matter to the Grievance Committee for further investigation of the facts and circumstances surrounding the conviction. The Grievance Committee's report indicated that respondent concealed assets from the bankruptcy trustees when he knowingly filed an affidavit containing false information in connection with an application for legal fees.

We have considered all of the circumstances surrounding respondent's conviction, including the matters submitted in mitigation, and conclude that he should be suspended for one year, commencing June 14, 1994, and until further order of this Court.

DENMAN, P. J., GREEN, PINE, FALLON and DOERR, JJ., concur.

Order of suspension entered.